**In re AIR CRASH DISASTER AT GREATER CINCINNATI AIRPORT (CONSTANCE, KENTUCKY) ON NOVEMBER 20, 1967.**

**No. 8B.**

Judicial Panel on Multidistrict Litigation.

Feb. 5, 1973.

Murrah, J., participated in decision with consent of all parties though he was not present at hearing.

Before ALFRED P. MURRAH,* Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The crash of a Trans World Airline passenger plane at the Greater Cincinnati Airport in 1967 led to the filing of more than seventy actions which were coordinated for pretrial purposes in the Eastern District of Kentucky. In re November 20, 1967 Greater Cincinnati Airport Air Disaster Litigation, 298 F. Supp. 353 (Jud.Pan.Mult.Lit.1968); 298 F.Supp. 355 (Jud.Pan.Mult.Lit.1969); 298 F.Supp. 358 (Jud.Pan.Mult.Lit.1969). In August 1972 the transferee court entered an order stating that all discovery proceedings had been completed and that the cases appeared to be appropriate for remand to the respective transferor courts for trial. After receiving notification of the entry of this order and various papers from the parties to the litigation, the Panel ordered the parties to show cause, pursuant to revised Rule 15, 55 F.R.D. LI, why the cases should not be remanded. Based upon the responses to that order to show cause and the arguments presented at the hearing on this matter, we order all actions remanded to the transferor courts.

It is clear from the responses of the parties and the final order of the transferee court that all pretrial proceedings have been completed and that the cases are now ready for trial in the transferor forums.[1] The pretrial processing of the litigation has generated several problems, however, concerning the compensation of liaison counsel and the effect of a summary judgment entered in favor

---

* Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. The transferee court has denied the motion of the United States for transfer of certain actions in which it is a defendant to the Eastern District of Kentucky for all purposes, pursuant to 28 U.S.C. § 1404 (a).

of two defendants. Several parties urge that the Panel either attempt to resolve these problems or deny remand so that they may be resolved in the transferee court. We do not believe that Section 1407 authorizes us to do more than call these problems to the attention of the transferor courts in our order of remand.

In this litigation as in many others transferred by the Panel, it became necessary to appoint liaison counsel to coordinate the pretrial efforts of the plaintiffs. *See*, Manual for Complex Litigation § 1.90 (January 24, 1973 Revision). It appears that liaison counsel expended considerable effort in discovery and other pretrial matters and the transferee court acknowledged these efforts and ordered counsel to work out the appropriate compensation for liaison counsel on a case-by-case basis. The court further ordered that no settlement would be approved by the court unless approved by liaison counsel. Although this order was generally effective, the plaintiffs in some of the cases now before the Panel for remand have not paid liaison counsel for his efforts and liaison counsel has brought these facts to the attention of the Panel. While we are unable to order payment of these fees or to condition remand on such payment, we do think it appropriate to call these facts to the attention of the transferor courts since liaison counsel will have the right to seek relief in those courts after remand.

The remaining problem concerns two defendants in the litigation, General Dynamics Corp. and Kollsman Instrument Corp. After extensive discovery, plaintiffs moved for summary judgment against Trans World Airlines on the issue of liability and defendants General Dynamics and Kollsman moved for summary judgment in their favor against plaintiffs and for dismissal of the cross-claims and third-party claims asserted by Trans World Airlines against them. The transferee court granted plaintiffs' motion for summary judgment against Trans World Airlines. It also granted General Dynamics' and Kollsman's motion for summary judgment against the plaintiff and for dismissal of Trans World Airlines' cross-claims and third-party claims. Reidinger v. Trans World Airlines, 329 F.Supp. 487 (E.D.Ky.1971). Although certain portions of the transferee court's judgment were appealed from and ultimately reversed, no appeal was taken from the order granting summary judgment in favor of General Dynamics and Kollsman. Reidinger v. Trans World Airlines, 463 F.2d 1017, 1018 (6th Cir. 1972). It appears, however, that no final judgment was entered in favor of these defendants, only the order holding them entitled to summary judgment.

Both General Dynamics and Kollsman urge the Panel to strike them as party defendants in the litigation on the basis of Judge Swinford's order and the lack of an appeal therefrom. They contend that unless such action is taken by the Panel, they will be required to proceed separately in each transferor district to secure final judgment in their favor. We lack the power to take such action, however, and can only remand the actions to the transferor courts with a description of the factual background of these defendants' problems. It will then be necessary for the defendants to seek relief from the transferor courts.

It is therefore ordered that all actions listed on the attached Schedule A be, and the same hereby are, remanded to the districts from which they were transferred.

### SCHEDULE A

#### Eastern District of Kentucky

| | |
|---|---|
| Margaret J. Zahneis, etc. v. Trans World Airlines, et al. (S.D.Ohio, No. 6644) | Civil Action No. 1918L |
| Joyce E. Schiller, etc. v. Trans World Airlines, et al. (S.D.Ohio, No. 6045) | Civil Action No. 1919L |
| John Bernard Doherty, etc. v. Trans World Airlines (W.D.Pa., No. 67–1511) | Civil Action No. 1923L |
| Catherine Reed, etc. v. Trans World Airlines (N.D.Ill., No. 68 C 110) | Civil Action No. 1926L |
| Julius Kashkin v. Trans World Airlines, et al. (C.D.Calif., No. 67–1783) | Civil Action No. 1930L |
| John H. Klette, Jr., etc. v. Trans World Airlines, et al. (W.D.Ky., No. 5892) | Civil Action No. 1935L |

SCHEDULE A—Cont'd

### Eastern District of Kentucky—Cont'd

William J. Bauman, etc. v. Trans World Airlines, et al., (C.D.Calif., No. 68–1877)· — Civil Action No. 1951L

Julius Kashkin v. Kollsman Instrument Corp. (N.D.Calif., No. 50334) — Civil Action No. 1954L

George Brokaw v. Standard Kollsman Industries, Inc., et al. (N.D.Ill., No. 68 C 2209) — Civil Action No. 1957L

Mary Rita Murphy v. Standard Kollsman Industries, Inc., et al. (N.D.Ill., No. 68 C 2210) — Civil Action No. 1958L

Mary Rita Murphy, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2211) — Civil Action No. 1959L

Virginia Sandish, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2212) — Civil Action No. 1960L

James E. Simpson, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2231) — Civil Action No. 1961L

Dolores Monkelis, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2248) — Civil Action No. 1962L

Francis A. Hoblak, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2249) — Civil Action No. 1963L

Dolores Monkelis, etc. v. Standard Kollsman Industries, Inc., et al. (N.D. Ill., No. 68 C 2250) — Civil Action No. 1964L

The Central Trust Co., etc. v. Trans World Airlines, et al. (S.D.Ohio, No. 6874) — Civil Action No. 1965L

The Central Trust Co., etc. v. Trans World Airlines, Inc., et al. (S.D. Ohio, No. 6875) — Civil Action No. 1966L

The Central Trust Co., etc. v. Trans World Airlines, Inc., et al. (S.D.Ohio, No. 6876) — Civil Action No. 1967L

Irene E. Mulligan, etc. v. Trans World Airlines, et al. (S.D.Ohio, No. 6883) — Civil Action No. 1968L

Jean B. Smith, etc. v. Trans World Airlines, et al. (S.D.Ohio, No. 6908) — Civil Action No. 1969L

Lena M. Claflin, etc. v. General Dynamics Corp., et al. (S.D.Ohio, No. 6914) — Civil Action No. 1970L

Mary Rita Murphy v. Trans World Airlines, Inc., et al. (W.D.Pa., No. 68–1260) — Civil Action No. 1972L

Mary Rita Murphy, etc. v. Trans World Airlines, Inc., et al. (W.D.Pa., No. 68–1261) — Civil Action No. 1973L

George Brokaw v. Trans World Airlines, et al. (W.D.Pa., No. 68–1303) — Civil Action No. 1974L

James E. Simpson, etc. v. Trans World Airlines, et al. (W.D.Pa., No. 68–1340) — Civil Action No. 1976L

Virginia Sandish, etc. v. General Dynamics Corp. (W.D.Pa., No. 68–1230) — Civil Action No. 1977L

Dolores Monkelis, etc. v. Trans World Airlines, et al. (W.D.Pa., No. 68–1320) — Civil Action No. 1982L

Dolores Monkelis, etc. v. Trans World Airlines, et al. (W.D.Pa., No. 68–1321) — Civil Action No. 1983L

Francis A. Hoblak, etc. v. Trans World Airlines, et al. (W.D.Pa., No. 68–1322) — Civil Action No. 1984L

Virginia Sandish, etc. v. Trans World Airlines et al. (W.D.Pa., No. 68–856) — Civil Action No. 1990L

Joy Ann Sweet, et al. v. Trans World Airlines (C.D.Calif., No. 68–1893–HP) — Civil Action No. 1991L

Ruth M. Ness, etc. v. Trans World Airlines, et al. (C.D.Calif., No. 68–1903–HP) — Civil Action No. 1992L

Margaret L. Kofink, etc. v. Trans World Airlines, et al. (Mass., No. 68–1035–M) — Civil Action No. 1993L

William Duffy, etc. v. Trans World Airlines, et al. (Mass., No. 68–1022–M) — Civil Action No. 1994L

Josephine Andrunas, etc. v. Trans World Airlines, et al. (Mass., No. 68–1008–M) — Civil Action No. 1996L

Angelo A. Moreno, etc. v. Standard Kollsman Industries, Inc. (N.D.Ill., No. 69 C 69) — Civil Action No. 1980L